## STATE v. JOHN HAGEN.[1]

October 31, 1924.

No. 24,050.

Conviction for manslaughter sustained.
    1. The evidence sustains a verdict finding the defendant guilty of manslaughter in the second degree.

Charge on self-defense.
    2. There is no available error in the charge on self-defense.

Defendant was indicted by the grand jury of Hennepin county charged with the crime of manslaughter in the first degree, tried in the district court for that county before Buffington, J., and a jury which found him guilty of manslaughter in the second degree.

[1]Reported in 200 N. W. 480.

From an order denying his motion for a new trial, defendant appealed. Affirmed.

*Anthony T. Grotte*, for appellant.

*Clifford L. Hilton*, Attorney General, *Floyd B. Olson*, County Attorney, and *William G. Compton*, Assistant County Attorney, for respondent.

DIBELL, J.

Defendant was convicted of manslaughter in the second degree for the killing of Carl Anderson, without a design to effect his death, in the heat of passion. G. S. 1913, § 8612. He appeals from the order denying his motion for a new trial.

1. Carl Anderson lived with his family at Lake Independence, in Hennepin county. In the evening of July 30, 1923, the defendant Hagen and his wife and some others came to the cottage in two automobiles. They were acquaintances and on friendly terms. A severe rain came. After it had passed, and late in the night, the defendant and the others started for their homes in Minneapolis. The roads were bad and they had trouble with their autos. Anderson went to their aid. There was some loud talking and blustering by Hagen and others. Anderson was disagreeable. There is evidence that Hagen used vile language in the presence of Anderson's wife, and that because of it Anderson struck him twice. There is evidence, though disputed, that the defendant then jumped upon him, got him face down, put his knee in the middle of his back, pulled his head back and struck it. The theory of the state was that Hagen got a "half-Nelson" or stranglehold. Both he and Anderson were athletic. Anderson had been doing stunts while they were visiting at the cottage. Hagen was something of a middle-weight wrestler and was in good training. As a result of what occurred Anderson's sixth cervical vetebra was fractured and he died within a few hours.

The defendant, admitting that he struck Anderson, denies so savage an attack. There was no ill-will until immediately prior to the altercation. The participants were friends. The defendant admits that he lost his temper, was mad, and "must have punched him three or four times, he was helpless."

Hagen brought with him to the lake a jug of moonshine. The men drank of it. This accounts for the death of Anderson and the present plight of Hagen. He admits that "all had been drinking," but he "wouldn't say drunk. We had some drinks, no doubt about that." He thinks "none of them didn't know what they were doing." He admits that he said the next day that "this wouldn't have happened if we hadn't been full of moonshine, all of us."

The evidence sustains the verdict. It need not be recited further.

The defendant complains that there was error in the charge as to self-defense. It may not have been technically accurate. No objection was made at the time. There was no request for a further different instruction. There was nothing unfair to the defendant in the tone of the charge and the jury was not misled. Besides, it is doubtful whether the evidence presented a case to which the law of self-defense was applicable.

Order affirmed.